# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTIAN LEDFORD,

    Defendant.

Case No. 2:15-cr-00299-KJD-NJK

**ORDER**

Presently before the Court is Defendant's Request for Early Termination of Supervised Release (#18). Plaintiff filed a response (#18).

I. Background

On October 3, 2012, in the Southern District of California, Christian Ledford ("Defendant") was sentenced to thirty months of custody and three years of supervised release for cocaine importation and aiding and abetting. On August 8, 2014, Defendant began his term of supervised release. On November 25, 2015, Defendant's supervision was transferred to this District.

On November 16, 2016, the Court revoked Defendant's supervision for violations related to a positive marijuana drug test and other missed drug tests, and sentenced him to one day of custody and twenty-four months of supervision. Defendant has been serving his second, extended term of supervised release since then. He has been compliant with the terms of his supervision, and has

found employment as a truck driver transporting vehicles. His employment requires him to drive to different states. On August 17, 2017, Defendant filed the present request.

II. Legal Standard

A district court enjoys "broad discretion" when, after it takes into account the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) **Modification of conditions or revocation**. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

III. Analysis

Defendant has met his burden of demonstrating that early termination of supervised release is justified. Defendant has successfully integrated into the community, committed no criminal conduct

during his current term of supervision, and he does not appear to be a risk of danger to the community. Defendant's employment requires him to travel, and the conditions of his supervised release are inhibiting his ability to fully perform his job duties. In accordance with Title 18 U.S.C. § 3583(e)(1), more than one year has passed since Defendant's original term of supervised release began, and no statutory factor weighs against granting Defendant's requested relief.

The Court also takes into consideration that Defendant's Probation Officer, Tawni Salem, does not oppose early termination of Defendant's supervised release, and that Plaintiff, in its response, stated it does not object to Defendant's request. Therefore, having considered the statutory factors, the Court finds that in the interest of justice and being warranted by the conduct of Defendant, his term of supervised release shall be terminated immediately.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Request for Early Termination of Supervised Release (#18) is **GRANTED**.

DATED this 5th day of September, 2017.

_____
Kent J. Dawson
United States District Judge